## PAUL *vs.* NOWELL.

Recognizances for the prosecution of appeals in civil actions are not within the *Stat.* 1821, *ch.* 50. giving remedies in equity; but in case of a forfeiture, judgment must go for the whole penalty.

A recognizance for the prosecution of an appeal in a civil action needs not to be spread at large on the record of the court appealed to. To entitle the conusee to his remedy, under the statute regulating appeals, it is sufficient that it be returned and placed on file.

THIS was a *scire facias* upon a recognizance entered into by the defendant and another at *October* term, 1822, of the court of Common Pleas, for the prosecution of an appeal to this court, in a civil action. The appeal was not entered in this court; and the plaintiff, upon complaint made, obtained affirmation of the judgment, with additional damages and costs. The recognizance was brought up and filed with the other papers in the case, in the usual manner; but was not entered at large on the record. Execution had been duly issued upon the judgment; but it had never been returned to the clerk's office.

Upon these facts, which were agreed to by the parties, the case was submitted to the decision of the court.

*D. Goodenow,* for the plaintiff, cited *Commonwealth v. Green* 12 *Mass.* 1; *Bridge v. Ford,* 7 *Mass.* 209; *Johnson v. Randall,* 7 *Mass.* 340; *Merrill v. Prince, ib.* 396.

*J. Shepley,* for the defendant, objected that the recognizance was not made a matter of record; *Bridge v. Ford,* 4 *Mass.* 641;—and he further contended that the execution not having been returned, nor the omission explained, here was presumptive evidence of payment; at least sufficient to absolve the defendant, who was only a surety.

MELLEN C. J. delivered the opinion of the Court.

We do not think that a record at large of the recognizance is necessary as the foundation of a *scire facias.* It has been returned to and placed on the files of this court, and nothing more is required by

our statute respecting appeals. As the defendant did not enter and prosecute his appeal, the condition of the recognizance was broken, and of course there must be a default entered, and judgment rendered for forty dollars, that being the amount of the penalty. We have examined, but have not been able to find any power given to us to consider the question in equity and order execution to issue for no more than is due in good conscience. The second and third sections of the statute of 1821, *ch.* 50, relate only to specialities under the hand and seal of the party contracting ; and not to recognizances ; and the fourth section, relates only to recognizances taken or entered into in criminal cases, or by witnesses conditioned to appear on behalf of the State.

*Note.*—By *Stat.* 1831, *ch.* 497, the remedy by hearing in chancery after forfeiture is now extended to recognizances taken in civil cases.